UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 09-47-DLB

MARGARET ELIZABETH POFF, by and through her Guardian,
MONA TUSSEY                                                                                   PLAINTIFF

VS.                                                      ORDER

DIVERSICARE MANAGEMENT SERVICES CO.
d/b/a WURTLAND NURSING AND REHABILITATION
and
DIVERSICARE LEASING CORP., d/b/a WURTLAND
NURSING AND REHABILITATION CENTER                                    DEFENDANTS

* * * * * * * * * * * * * * * *

This matter is presently before the Court on Defendants Diversicare Management Services Co. and Diversicare Leasing Corp.'s Motion to Compel Arbitration (Doc. #11). The motion has been fully briefed (Docs. #13, 17), and is now ripe for review. For the reasons set forth below, because the record before the Court is insufficient to determine the applicability of the Federal Arbitration Act ("FAA") to the alleged arbitration agreement at issue, Defendants' Motion to Compel Arbitration (Doc. #11) will be **DENIED WITHOUT PREJUDICE**, and a period of **ninety (90) days** for limited discovery is warranted to determine the FAA's applicability in the instant action.

I.    Factual and Procedural Background

On January 18, 2001, Plaintiff Margaret Elizabeth Poff ("Poff") was admitted to Wurtland Nursing and Rehabilitation in Ashland, Kentucky, for long term care. At the time

Plaintiff was admitted, her daughter, Mona Tussey ("Tussey"), was her acting power of attorney. Upon admission to the Wurtland nursing facility, Tussey signed Wurtland's standard Admission Agreement as Poff's power of attorney.[1] Included on page 4 of the agreement was an arbitration provision, which reads in relevant part:

> The resident, the resident's representative, the legal guardian, or the responsible party, if any, agree to:
>
> 12. OPTIONAL ARBITRATION CLAUSE (if the parties to this Agreement do not wish to include the following arbitration provision, please indicate so by marking an "X" through this clause. Both parties shall also initial that "X" to signify their agreement to refuse arbitration.). Any controversy or claim arising out of or relating to the Agreement, or the breach thereof, shall be settled by arbitration in accordance with the provisions of the state code and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

Defendants contend, neither Poff nor Tussey marked through the optional arbitration provision before signing the Wurtland Admission Agreement.[2]

On July 8, 2009, Poff commenced this suit for negligence, elder abuse, and asserted violations of the Kentucky Resident's Rights Act (K.R.S. § 216.515) in Greenup Circuit Court after she sustained various physical injuries–including a fractured hip–while a patient at Wurtland Nursing and Rehabilitation. Defendants removed the case on the basis of diversity

---

[1] Plaintiff–and more specifically, Plaintiff's legal guardian, Tussey–disputes ever seeing the first four pages of the Wurtland Admission Agreement, which included the arbitration clause at issue in this case. In her affidavit, Tussey claims only to have read and signed pages 5-9 entitled Financial Agreement and therefore disputes the existence of an agreement to arbitrate. (Doc. #13, Ex. 2). The Court, for purposes of this Order, is not adjudicating the merits of whether an agreement to arbitrate existed between the parties.

[2] As stated previously, Tussey contends she was never presented with the first four pages of the admission agreement, which contained the arbitration clause at issue.

jurisdiction.³ Once removed and pursuant to the arbitration provision contained in Poff's Admission Agreement to Wurtland, Defendants filed the motion to compel arbitration currently pending before this Court.

## II. Analysis

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, applies in federal diversity cases that contemplate interstate commerce, *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 405 (1967), and recognizes a national policy favoring arbitration, in which courts are to vigorously enforce arbitration provisions. *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987). Specifically, the FAA provides for the enforcement of contracts "evidencing a transaction involving commerce." 9 U.S.C. § 2. The term "involving commerce" in the FAA has been interpreted "as the functional equivalent of the more familiar term 'affecting commerce'–words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003). That said, diversity jurisdiction will not alone meet the test of affecting interstate commerce and subsequently prompt application of the FAA. 9 U.S.C. §§ 2, 3.

As the basis for their motion to compel, Defendants rely on the Kentucky Uniform

---

³Paragraphs 5 and 6 of Defendants' Notice of Removal reads:
    This action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a), and is between citizens of different states.
    Due to the allegations raised for the first time in the First Amended Complaint attached hereto, Defendants believe Plaintiff seeks in excess of $75,000.00 in damages, exclusive of interests and costs.

(Doc. #1, ¶¶ 5-6). Title 28, Section 1331 of the United States Code sets forth the requirements for federal question jurisdiction, not diversity jurisdiction under § 1332. That said, this Court construes Defendants removal as one based on diversity jurisdiction as Defendants properly set out the standards for diversity jurisdiction and made the appropriate showing for diversity jurisdiction in this case.

Arbitration Act ("KUAA") without reference to the FAA. (Doc. #11). In response, Plaintiff relies on the Kentucky Supreme Court's decision in *Ally Cat, LLC v. Chauvin*, 274 S.W.3d 451, 455 (Ky. 2009), to argue this Court lacks jurisdiction to enforce Defendants' motion to compel. In their reply, Defendants assert that the arbitration provision contained in the Wurtland Admission Agreement "is specifically enforceable under the Federal Arbitration Act, as well as under Kentucky law, even subsequent to the recent decision of the Kentucky Supreme Court in *Ally Cat*." (Doc. #17, at 3). However, Defendants have failed to explain how the arbitration provision in Poff's Admission Agreement falls within the ambit of 28 U.S.C. § 2.[4] Because the record is insufficient for this Court to determine that the contract between the parties is one that contemplates interstate commerce, the Court declines to address the merits of Defendants' motion and the applicability of the FAA to the contract at issue here. The motion to compel is therefore **denied without prejudice**. The Court will permit a limited period of discovery after which Defendants will be permitted to renew their motion to compel.

### III. Conclusion

Having considered the parties' filings, and for the reasons set forth herein, **IT IS ORDERED AS FOLLOWS**:

1. Defendants Diversicare Management Services Co. and Diversicare Leasing Corp.'s Motion to Compel Arbitration is hereby **DENIED WITHOUT**

---

[4] Defendants again reference the FAA at page 4 of their reply stating "[o]f particular note is the fact that none of the[] cases [Plaintiff cited] concerned enforcement of arbitration agreements under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*" (Doc. #17). Once again, however, Defendants fail to articulate how the instant action falls within the ambit of the FAA and the practical effect therefrom.

        **PREJUDICE** (Doc. #11);

2. The parties shall have **ninety (90) days** to conduct discovery on the limited issue of the Federal Arbitration Act's applicability to the arbitration provision at issue in this case. Any discovery disputes will be referred to Magistrate Judge Atkins;

3. Defendants are permitted to renew their motion to compel arbitration **within thirty (30) days** after the close of this period of limited discovery. Response and Reply times pursuant to the Joint Local Rules.

This 3rd day of February, 2010.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\ORDERS\AshCivil\2009\09-47 Order Additional Discovery FAA.wpd